IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHELLE LIN HUTTO                                                    PLAINTIFF

vs.                                CASE NO. 2:15-CV-00167-JTK

CAROLYN W. COLVIN, *Acting Commissioner*
Social Security Administration                                        DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Michelle Lin Hutto, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) based on disability.[1]  Both parties have submitted appellate briefs, and the case is ready for decision.  The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.  For the reasons outlined below, the decision of the Commissioner is affirmed.

### Procedural History

Plaintiff filed her application for benefits on July 21, 2013, alleging a disability period from January 8, 2011, the alleged date her disability began, to September 30, 2011, Plaintiff's date last insured for DIB.  (Tr. 173-76)  Disability Determination Services (DDS) denied the claim initially and upon reconsideration.  Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled.  The Appeals Council denied the request for

---

[1]  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

review on September 15, 2015, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4)  Plaintiff timely filed her action in federal court.

### Administrative Proceedings

An administrative video hearing was held on May 15, 2014, and was attended by Plaintiff, her attorney, and a vocational expert (VE).  (Tr. 26-45)  Plaintiff was 38 years old on the date last insured, and she did not engage in substantial gainful activity during the period from her alleged onset date of January 8, 2011, through her date last insured of September 30, 2011. (Tr. 14-19)  She has a high school education and past relevant work as a materials handler, mattress inspector, and fast food worker.  (Tr. 18-19)  The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found Plaintiff had the severe[3] impairments of fibromyalgia, obesity, depressive disorder, degenerative disc disease of the lumbar spine, and osteoarthritis of the knees.  (Tr. 14)  The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing.  (Tr. 14-15)

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform."   *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. § 404.1520.  An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] (RFC) to perform light work[5] except she could bend and/or stoop no more than 2/3 of an eight hour day. (Tr. 15-18)  In making her determination, the ALJ noted that while the Plaintiff's impairments could reasonably be expected to cause the symptoms alleged, the statements concerning the intensity, persistence, and limiting effects of the symptoms are not credible to the extent they are inconsistent with her RFC assessment.  (Tr. 17)  The ALJ further found that while Plaintiff was unable to perform any of her past relevant work, there were other jobs that existed in significant numbers in the national economy that she could perform (i.e. cashier II and price marker).  (Tr. 18-20)  Consequently, the ALJ concluded Plaintiff was not disabled.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."  *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)).  The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).  However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings."  *Gavin v. Heckler*, 811 F.2d 1195, 1199

---

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a).

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. 404.1567(b).

(8th Cir. 1987).  "'Substantial evidence on the record as a whole' . . .  requires a more scrutinizing analysis."  *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)).  "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

### Discussion

On appeal, the Plaintiff argues that the Commissioner's decision is not supported by substantial evidence on the record as a whole.  (DE #14)  Specifically, she alleges that: (1) the ALJ erred in assigning little weight to the opinion of her treating physician, Vonda Houchin, M.D.; (2) the ALJ's residual capacity finding is not supported by the record; and (3) the ALJ erred by failing to mention the Plaintiff's obesity in her hypothetical questions to the vocational expert (VE).  (*Id.* at 17-22)  The Commissioner argues that its decision is supported by applicable law and substantial evidence.  (DE #15)

A.    DR. HOUCHIN'S OPINION

In August of 2013, Plaintiff's treating physician gave a medical source statement, in checkbox form, indicating that the Plaintiff could stand and/or walk for less than two hours; that she could sit for approximately three hours; needed frequent rest periods, longer than normal breaks, with the ability to shift at will between sitting and standing/walking; and was likely to miss three or more days a month of work.  (Tr. 537-38)  Plaintiff argues the Commissioner's decision to give Dr. Houchin's medical source statement little weight constituted error due to the fact that Dr. Houchin has been Plaintiff's treating physician since 2009.  (DE #14 at 17-19)

A treating physician's opinion is generally entitled to substantial weight; however, it is well settled law that such opinion does not automatically control in the face of other evidence on

the record that detracts from that opinion. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010). When an ALJ decides to discount a treating physician's opinion, he is required to explain his good reasons for doing so. *Id.* Here, the ALJ afforded little weight to Dr. Houchin's opinion in part because the opinion was dated August 12, 2013, nearly two years after Plaintiff's date last insured, and because the statement indicated that the Plaintiff was having surgery in two weeks. (Tr. 18)

Pursuant to 42 USC §§ 423(c), Plaintiff is required to prove she was disabled prior to the expiration of her insured status. Evidence outside of the relevant time period can be used to support a claim of disability, but it cannot serve as the only support for a claim. *Pyland v. Apfel*, 149 F.3d 873, 878 (8th Cir. 1998). In this case, no physician suggested that Plaintiff was disabled or placed any limitations on her activities prior to the expiration of her insured status. *See Eichelberger v.* Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (holding that a lack of significant medical restrictions may be considered when assessing the credibility of a claimant's subjective claims of pain). Furthermore, as noted by the ALJ, multiple diagnostic tests during the relevant time period showed that Plaintiff demonstrated only mild to moderate degenerative disc disease; her depression is fairly well-controlled with medication; she reports substantial pain relief from conservative treatments such as muscle relaxants and physical therapy; and her daily activities are fairly extensive. (Tr. 16-18)

Dr. Houchin's medical source statement indicates that the time period covered by her opinion dates back to 2009; however, she does not provide any further elaboration or indicate that Plaintiff exhibited these same limitations prior to the expiration of her insured status. Dr. Houchin merely states that "2009 till present is when I've seen her." (Tr. 538) The Eight Circuit Court of Appeals has concluded that a conclusory checkbox form has little evidentiary value

when it cites no medical evidence and provides little to no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012). Here, the only explanatory statement on the checkbox form indicates that Plaintiff was "having surgery in two weeks," had previous joint surgeries, and a history of chronic pain. (Tr. 538) The significant limitations Dr. Houchin expressed in her evaluation are not supported by the medical evidence as a whole for the period from January 8, 2011, to September 30, 2011. Therefore, this Court perceives no error in the minimal weight the ALJ afforded Dr. Houchin's medical source statement.

B.    THE RFC DETERMINATION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination that she can perform light work, except that she could not bend and/or stoop for more than two-thirds of an eight-hour day. (DE # 14 at 19) Specifically, she argues that the ALJ should not have taken into account her ability to perform certain daily activities or given great weight to the state agency physician's opinions in making her finding that Plaintiff had the RFC for light work. (*Id.* at 20) The Commissioner responds that the ALJ's RFC determination is supported by substantial evidence. (DE #15 at 5-6)

It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

In order to properly evaluate a claimant's subjective complaints of pain, one of the factors that an ALJ must take into account when making a credibility determination are the claimant's daily activities.  *Hutton v. Apfel*, 175 F.3d 651, 654 (8th Cir. 1999).  Here, the ALJ noted that Plaintiff's activities are fairly extensive, as she is able to perform light cooking, attend to most self-care activities, and perform some household chores.  (Tr. 18) While the Plaintiff argues that proof of performing the above-referenced activities provides little support that she possesses the RFC to engage in substantial gainful activity, it is clear from the record that performance of these daily activities was just one factor in addition to many others that the ALJ properly considered in making her RFC assessment.[6]

Plaintiff also argues that the ALJ committed error by assigning greater weight to the opinions of the state agency physicians.  (DE # 14 at 20-21) As noted above, the ALJ properly assigned little weight to the opinion evidence of Plaintiff's treating physician because it relates to a period after Plaintiff's date last insured and is inconsistent with the evidence as a whole. Pursuant to Social Security Ruling 96-6p, the ALJ assigned great weight to the opinions of the state agency physicians due to the fact that there are no treating physician opinions that related to the period prior to expiration of Plaintiff's insured status.  (Tr. 18)  Additionally, the ALJ is permitted to give significant weight to state agency doctors if their opinions are supported by the record. *See Wagner v. Astrue*, 499 F.3d 842, 847-49 (8th Cir. 2007) (affirming the Commissioner, who placed greater weight on the state agency physicians than the treating physicians). The record shows that the ALJ examined the entire record when deciding how much

_____

[6]   The ALJ noted that in making her assessment she also took into account several other factor including: (1) that her depression is fairly well-controlled with anti-depressant medication; (2) she has not required the care of a mental health specialist; (3) no physician has suggested that she is disabled or placed any limitations on her activities; (4) she reports relief from muscle relaxants and Lyrica; (5) mental status examination was essentially normal, with fair concentration skills, good memory, and good social functioning; (6) that there is little evidence of limitations performing the basic mental demands of work; and (7) multiple test have shown only mild to moderate degenerative disc disease.  (Tr. 16-18)

weight to place on each medical opinion. The ALJ did not commit legal error by preferring the opinions of the state agency doctors over the opinion of Dr. Houchin.


C.    OBESITY

Finally, Plaintiff argues that the ALJ erred by failing to include her obesity in the hypothetical questions to the VE. (DE #14 at 21)   The Commissioner argues that the ALJ properly accommodated Plaintiff's obesity in her RFC finding.  (DE #15 at 6)

The ALJ found that Plaintiff's obesity is a severe impairment.  (Tr. 14)  The ALJ considered all medically determinable physical impairments and the extent that those impairments limit Plaintiff's functioning.  (Tr. 15-18)   The ALJ specifically considered Plaintiff's obesity in her RFC determination, stating that in making her findings she "considered the claimant's obesity pursuant to SSR 02-1p" and that "it is reasonable that the claimant's obesity exacerbated any difficulties bending or stooping."  (Tr. 18)  As a result, the ALJ limited Plaintiff's bending and/or stooping to no more than two/thirds of an eight-hour workday.  (Tr. 15)

Furthermore, the ALJ does not have to ask the VE about the claimant's obesity unless (1) the claimant had a history of obesity and (2) the claimant's treating physician states that the claimant's obesity was her most problematic impairment. *Burnett v. Colvin*, No. 3:14-cv-00012-JTK, 2014 WL 5795788, at *2 (E.D. Ark. Nov. 6, 2014) (declining to extend *Morrison v. Apfel*, 146 F.3d 625, 628-29 (8th Cir. 1998) (holding that the ALJ should have mentioned the claimant's obesity in the questions he posed to the VE when the claimant had a history of obesity and his treating physician named it as his "biggest problem" )). Here, Plaintiff has a history of obesity, but the record does not support a claim that it is her most problematic impairment.

Therefore, the ALJ did not commit legal error by omitting Plaintiff's obesity from her hypothetical question to the VE.


### Conclusion

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 14th day of September, 2016.

_____

UNITED STATES MAGISTRATE JUDGE